Citation Nr: 1532764 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-29 084 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to nonservice-connected pension. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Mishalanie, Counsel



INTRODUCTION

The Veteran served on active duty from November 1991 to March 1996. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. 

In February 2013, the Veteran testified before the undersigned Veterans Law Judge. A transcript of the hearing is of record

In June 2014, the Board remanded the issue to the Agency of Original Jurisdiction (AOJ) for additional development. The claim has since been returned to the Board.

This appeal was processed using the Veterans Benefits Management System (VBMS) and the Virtual VA paperless claims processing system. The Virtual VA electronic folder contains a copy of the February 2013 hearing transcript; otherwise, the records are irrelevant or duplicates of those in VBMS. Any future consideration of this Veteran's case must take into consideration the existence of these electronic records.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.


REMAND

A remand is required for an additional VA examination to ascertain the current severity and manifestations of the Veteran's claimed disabilities for pension purposes. In addition, while on remand, any outstanding VA treatment records should be obtained.

38 U.S.C.A. § 1521(a) (West 2014) provides for improved (nonservice-connected) pension benefits to certain veterans who are permanently and totally disabled from nonservice-connected disability not the result of willful misconduct. There are threshold service and income requirements that the RO found the Veteran had met when it addressed the issue on the merits. See 38 U.S.C.A. § 1521(a),(j) (West 2014); 38 C.F.R. § 3.3(a)(3) (2014) (requiring service of 90 days or more during a period of war and net worth and annual income below a certain amount). 

The implementing regulation, 38 C.F.R. § 4.17 (2014), provides that all veterans basically eligible (i.e., those who meet the service and income requirements) who are unable to secure and follow a substantially gainful occupation by reason of disabilities likely to be permanent are to be rated as permanently and totally disabled. 

For purposes of pension, the percentage requirements of 38 C.F.R. § 4.16(a) (2014) must be met. Those requirements are that, if there is only one disability, this disability must be rated 60 percent or more, and if there are two or more disabilities, there must be at least one rated 40 percent or more and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a) (2014). Moreover, 38 C.F.R. § 4.17(b) provides that claims of all veterans who fail to meet the percentage standards, but who meet the basic entitlement criteria and are unemployable, will be referred by the rating board to the Veterans Service Center Manager or the Pension Management Center Manager, pursuant to 38 C.F.R. § 3.321(b)(2) (2014). 

That regulation similarly provides that, where the evidence establishes that an applicant for pension who is basically eligible fails to meet the disability requirements based on the percentage standards of the rating schedule, but is found to be unemployable by reason of his or her disabilities, age, occupational background and other related factors, the Veterans Service Center Manager or the Pension Management Center Manager are authorized to approve on an extra-schedular basis a permanent and total disability rating for pension purposes. 
38 C.F.R. § 3.321(b)(2) (2014).

In this case, the Veteran has asserted that he is unemployable due to gout, a back disorder, and depression. See December 2010 claim. VA examinations were conducted in March 2011 and April 2011. The April 2011 VA examiner opined that the Veteran did not meet the criteria for a diagnosis of depression. Based on the March 2011 VA examination, the RO assigned a 20 percent rating for gout and a noncompensable rating for a back disorder. Thus, the Veteran did meet the percentage requirements for consideration of a total disability rating for pension based on unemployability. 

However, the evidence indicates that there has been a change in the Veteran's condition since the March 2011 and April 2011 VA examinations. Since the March 2011 VA examination, the Veteran has had flare-ups of gout in his left hand and left foot. See, e.g., January and August 2013 VA treatment records. In March 2013, he was diagnosed with an adjustment disorder with depressed mood. Therefore, the Board finds that additional VA examinations are needed to ascertain the current severity and manifestations of the Veteran's claimed disabilities for pension purposes. See VAOPGCPREC 11-95 (April 7, 1995); Snuffer v. Gober, 10 Vet. App. 400 (1997).

In addition, the degree to which the Veteran's claimed conditions affect his employability has not been directly addressed by the VA examiners. This raises the issue of whether, under 38 C.F.R. § 4.17(b) (2014), the Veteran, while failing to meet the percentage standards, meets the basic entitlement criteria and is unemployable, therefore warranting referral of the case to the Veterans Service Center Manager or the Pension Management Center Manager under 38 C.F.R. § 3.321(b)(2) (2014). The Board cannot make this determination in the first instance. Barringer v. Peake, 22 Vet. App. 242 (2008) (although the Board may not assign an extraschedular rating in the first instance, it must specifically adjudicate whether to refer a case for extraschedular evaluation when the issue either is raised by the claimant or is reasonably raised by the evidence of record); Bowling v. Principi, 15 Vet. App. 1, 10 (2001) (the Board cannot consider entitlement to TDIU under 38 C.F.R. § 4.16(b) (2014) in the first instance, but must first remand the claim for referral to VA's Director of Compensation and Pension if such consideration is warranted). Therefore, on remand, the AOJ should make a determination as to whether referral is warranted. 

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should also obtain any outstanding and relevant VA treatment records, including from the Phoenix VA Health Care System from April 2013 to the present. 

2. After completing the foregoing development, the Veteran should be afforded VA examinations to ascertain the severity and manifestations of his claimed disabilities, to include gout, a back disorder, and a psychiatric disorder. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file. 

It should be noted that the Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptomatology. If there is a clinical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should report all signs and symptoms necessary for rating the Veteran's claimed disabilities, to include gout, a back disorder, and a psychiatric disorder. 

In particular, the examiner should indicate whether the Veteran meets the criteria for a diagnosis of a psychiatric disorder and address any prior diagnoses of record, to include adjustment disorder with depressed mood. See March 2013 VA treatment record. 

The examiner is also asked to comment on the impact of the Veteran's gout, back disorder, and any diagnosed psychiatric disorder, on his employment and activities of daily life. 

A clear rationale for all opinions would be helpful, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available to the examiner for review.

3. After completing these actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs, to include referral for consideration of extraschedular ratings pursuant to 38 C.F.R. § 3.321(b)(2), if appropriate. 

4. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If any benefit sought is not granted, the Veteran should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).