Citation Nr: 1542444 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 07-35 259 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Robert Chisholm, Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Kristy L. Zadora, Counsel

INTRODUCTION

The Veteran had active duty service from December 1979 to August 1981. He also served on a period of active duty for training (ACDUTRA) from May 1978 to August 1978.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a December 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In July 2012, the Veteran testified at a hearing before the undersigned Veterans Law Judge sitting at the RO. A hearing transcript is of record.

In a November 2013 decision, the Board denied the instant claim as well as claims for increased ratings for residuals of a right and left foot cold injury. The Veteran subsequently appealed the denial of his claim for a TDIU to the Court of Appeals for Veterans Claims (Court). In a March 2015 Memorandum Decision and Order, the Court vacated the Board's November 2013 decision to the extent that it denied entitlement to a TDIU and remanded the claim to the Board for further adjudication.

In August 2015, the Veteran's attorney submitted additional argument and evidence in support of the instant claim, namely a July 2015 private opinion. This new evidence was accompanied by a waiver of initial agency of original jurisdiction (AOJ) consideration. See 38 C.F.R. § 20.1304 (2015). Therefore, the Board may properly consider such newly received evidence.

The Board also notes that a page appears to be missing from the documents submitted by the Veteran's attorney in August 2015. Specifically, the page likely marked as "APPENDIX 037" and identified by the Veteran's attorney as the first page of an affidavit from the Veteran is not contained in the record.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 

The issue of entitlement to loss of use of the feet was raised by the Veteran's attorney in an August 2015 submission, but has not been adjudicated by the AOJ. Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015); see 79 Fed. Reg. 57,660 (Sept. 24, 2014) (codified in 38 C.F.R. Parts 3, 19, and 20 (2015)). 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Although the Board regrets the additional delay, another remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015). In addition, where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

The Veteran is seeking entitlement to a TDIU due to his service-connected peripheral neuropathy of right and left lower extremities and cold injury residuals to the left and right feet. In an August 2015 submission, the Veteran's attorney argued that the Veteran was unable to perform both sedentary and physical forms of occupation as a result of his service connected disabilities and cited to a July 2015 opinion from Dr. D.M. in support of these contentions.

In order to establish a total rating based upon individual unemployability due to service-connected disabilities, there must be impairment so severe that it is impossible for the average person to follow a substantially gainful occupation. See 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.340, 3.341, 4.16 (2015). In reaching such a determination, the central inquiry is "whether the Veteran's service connected disabilities alone are of sufficient severity to produce unemployability." Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993). Consideration may be given to the Veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or to the impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19 (2015); Van Hoose v. Brown, 4 Vet. App. 361 (1993).

When the Veteran's schedular rating is less than total (for a single or combination of disabilities), a total rating may nonetheless be assigned when there is only one such disability, such is ratable at 60 percent or more and, if are two or more disabilities, at least one disability is ratable at 40 percent or more, and any additional disabilities result in a combined rating of 70 percent or more, and the disabled person is unable to secure or follow a substantially gainful occupation. See 38 C.F.R. § 4.16(a) (2015). A total disability rating may also be assigned on an extra-schedular basis, pursuant to the procedures set forth in 38 C.F.R. § 4.16(b), for Veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in section 4.16(a).

In this case, the Veteran is service-connected for cold injury residuals of the right foot (20 percent, effective September 12, 2005), for cold injury residuals of the left foot (20 percent, effective September 12, 2005), peripheral neuropathy of the right lower extremity associated with cold injury residuals of the right foot (10 percent, effective December 10, 2007) and peripheral neuropathy of the left lower extremity associated with cold injury residuals of the left foot (10 percent, effective December 10, 2007). As the Veteran's cold injury residuals of the feet and peripheral neuropathy of the lower extremities are all considered disabilities of both lower extremities, and result from the same etiology, they may be considered a single disability for TDIU purposes. However, that disability combination only results in a 50 percent rating. As such, the Veteran does not meet the minimum schedular criteria for TDIU under 38 C.F.R. § 4.16(a) (2015).

The ultimate question of whether a Veteran is capable of substantial gainful employment is not a medial one; that determination is for the adjudicator. See Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); Floore v. Shinseki, 26 Vet. App. 376, 381 (2013). As such, the focus of the examiner is not on whether the Veteran is unemployable due to his service-connected disabilities but the functional impairment caused solely by his service-connected disabilities. VBA Fast Letter 13-13 (June 17, 2013).

In November 2012, the Board remanded the instant matter to obtain a VA opinion as to the Veteran's employability. The Board instructed that a VA examiner was to address the impact of the Veteran's service-connected disabilities of cold injury residuals of both feet and peripheral neuropathy of both lower extremities on his employability. The examiner was also instructed to describe the type of employment activities which would be limited due to a combination of the cold injury residuals and peripheral neuropathy of both lower extremities. A March 2013 VA examiner opined that there was no evidence that the Veteran could not work due to his service-connected cold weather injuries to his feet, his edema was more likely related to his nonservice-connected cardiovascular issues, and he had not claimed any type of neuropathy to his feet. The Board found that this March 2013 opinion was adequate in its November 2013 decision and also cited to the findings of the VA examiner in support of its denial of the Veteran's claim. The Court, in its March 2015 Memorandum Decision, found that the Board's determination that the March 2013 VA opinion was adequate was clearly erroneous as the VA examiner did not describe the effects of the Veteran's peripheral neuropathy and his cold injury residuals had on his ability to work. [Parenthetically, the Board notes that the Court variously identified the March 2013 VA examination as the March 2012 VA examination in its discussion, and that such appears to be a drafting error.] In light of the Court's holding, the Veteran should be afforded a Social and Industrial Survey so as to address such matters. 

The Board also notes that it is the established policy of VA that all Veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Therefore, rating boards should submit to the Director, Compensation Service, for extra-schedular consideration all cases of Veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in 38 C.F.R. § 4.16(a). 38 C.F.R. § 4.16(b). The Board does not have the authority to assign an extra-schedular total disability rating for compensation purposes based on individual unemployability in the first instance. Bowling v. Principi, 15 Vet. App. 1 (2001). However, the Board does have the authority to decide whether a claim should be referred to the Director, Compensation Service. See Barringer v. Peake, 22 Vet. App. 242 (2008).

With respect to the assignment of a TDIU under the provisions of 38 C.F.R. § 4.16(b), the Board finds that the Veteran's claim should be submitted to the Director, Compensation Service, for a determination as to whether a TDIU should be awarded on an extra-schedular basis. A July 2015 private opinion from Dr. D.M., which was submitted by the Veteran's attorney, indicates that it was at least as likely as not that the Veteran's bilateral foot pathology and symptoms would have rendered him unemployable in any kind of gainful employment as of 1998. The physician noted that the Veteran had only a General Education Development (GED) degree, that his employment history was limited to manual labor, that he had significant physical limitations related to standing or walking, and that he experienced significant exacerbations of his lower extremity symptoms when he sits for any length of time. The Board finds that such evidence suggests that the Veteran is unable to secure and follow a substantially gainful occupation due to his service-connected disabilities. Accordingly, as the completion of the Social and Industrial Survey, the Board finds that the claim should be submitted to the Director of the Compensation Service for extra-schedular consideration of a TDIU under 38 C.F.R. § 4.16(b).

Finally, as noted in the Introduction, a page of the Veteran's affidavit submitted by his attorney in August 2015 is missing. As such, they should be provided an opportunity to resubmit such on remand.

Accordingly, the case is REMANDED for the following action:

1. Advise the Veteran and his attorney that a page of his affidavit is missing (the page is likely marked as "APPENDIX 037" and identified by the Veteran's attorney as the first page of an affidavit from the Veteran) and provide them with an opportunity to resubmit it.

2. Schedule the Veteran for a Social and Industrial Survey to ascertain the impact of his service-connected disabilities, which currently include cold injury residuals of the right and left feet as well as peripheral neuropathy of the left and right lower extremities on his ordinary activities, to include his employability. The record contents must be made available for review. The VA Social Industrial surveyor is requested to describe the Veteran's employment history. 

In this regard, the surveyor should provide a full description of the effects, to include all associated limitations, of the Veteran's service-connected disabilities, which currently include cold injury residuals of the right and left feet as well as peripheral neuropathy of the left and right lower extremities, on his ordinary activities, to include his employability, taking into consideration his level of education, special training, and previous work experience, but not his age or any impairment caused by nonservice-connected disabilities. The examiner should specifically describe the type of employment activities which would be limited due to a combination of the cold injury residuals and peripheral neuropathy of both lower extremities.

All opinions expressed should be accompanied by supporting rationale.

3. After the completion of the Social and Industrial Survey, refer this case to the Director, Compensation Service, for consideration of assignment of an extra-schedular TDIU under the provisions of 38 C.F.R. 
§ 4.16(b).

4. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his attorney should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals 
for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).