Citation Nr: 1554514 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 12-21 767 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, California


THE ISSUE

Entitlement to an initial compensable evaluation for service-connected left varicocele with bilateral hydroceles.


ATTORNEY FOR THE BOARD

T. Stephen Eckerman, Counsel


INTRODUCTION

The Veteran had active duty service in the U.S. Navy from August 2005 to February 2010. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California, which granted service connection for left varicocele with bilateral hydroceles, evaluated as noncompensable (0 percent disabling). The Veteran appealed the issue of entitlement to an initial compensable evaluation. In April 2015, the Board remanded the claim for additional development. Jurisdiction over the Veteran's claims file has been transferred to the RO in Los Angeles, California.

This appeal was processed using the VBMS and Virtual VA paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.


FINDING OF FACT

The Veteran's service-connected left varicocele with bilateral hydroceles is shown to be productive of some pain, but is not shown to have resulted in complete atrophy, or removal, of both testes, voiding dysfunction, renal dysfunction, or urinary tract infection. 


CONCLUSION OF LAW

The criteria for an initial compensable evaluation for service-connected left varicocele with bilateral hydroceles have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014 & Supp. 2015); 38 C.F.R. §§ 3.102, 3.159, 3.321(b)(1), 4.7, 4.31, 4.115a, 4.115b, Diagnostic Codes 7523, 7524 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran asserts that he is entitled to an initial compensable rating for his service-connected left varicocele with bilateral hydroceles. In particular, he reports that he has random pain due to his condition which forces him to stop activities, and which requires "additional precautionary measures to engage in basic activities like
playing sports, exercising, and recreational activities." See Veteran's statement, dated in March 2010.

With regard to the history of the disability at issue, see 38 C.F.R. § 4.1 (2015), service treatment records show that in 2006, the Veteran was noted to complain of left inguinal pain. An August 2006 ultrasound contained an impression noting a moderate to large-sized left-sided varicocele, with an otherwise negative study. It appears that he was provided with scrotal support. A December 2009 separation examination report noted a left varicocele. 

In November 2010, the RO granted service connection for left varicocele with bilateral hydroceles, evaluated as noncompensable.

Disability evaluations are determined by the application of a schedule of ratings which is based on the average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C.A. § 1155 (West 2014 & Supp 2015); 38 C.F.R. Part 4 (2015). When a question arises as to which of two evaluations shall be assigned, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2015).
 
The Veteran's disability has been evaluated under 38 C.F.R. § 4.115b, Diagnostic Codes 7599-7523. See 38 C.F.R. § 4.27 (2015) (hyphenated diagnostic codes are used when a rating under one diagnostic code requires use of an additional diagnostic code to identify the basis for the evaluation assigned; the additional code is shown after the hyphen; disabilities requiring rating by analogy will be coded first the numbers of the most closely related body part and "99"). This hyphenated diagnostic code may be read to indicate that an unlisted genitourinary disorder is the service-connected disorder, and it is rated as if the residual condition is complete atrophy of the testis under Diagnostic Code (DC) 7523.

Under DC 7523, testis, complete atrophy, provides a noncompensable rating for complete atrophy of one testis, and a 20 percent rating for complete atrophy of both testes (and both ratings include footnotes to review for entitlement to special monthly compensation under 38 C.F.R. § 3.350). 38 C.F.R. § 4.115b (2015).

In every instance where the schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. 38 C.F.R. § 4.31 (2015).

A QTC examination report, dated in March 2010, shows that the Veteran complained of difficulty performing arduous physical activities and exercises. He denied impotence. On examination, there were normal findings for the penis. The right testicle was well-developed and well-descended, with no mass, atrophy, tenderness. It was normal in size and consistency, without evidence of varicocele. The epididymitis was within normal limits. The left testicle was tender and erythematous. There was no genital fistula. An associated ultrasound report contains an impression noting small bilateral hydroceles and left varicocele, with no evidence of testicular torsion. 

In an addendum, dated that same month, the examiner stated that the diagnosis was bilateral hydroceles and left varicocele. 

A MSLA examination report, dated in September 2015, shows that the examiner stated that the Veteran's claims file had been reviewed. The Veteran complained of persistent pain of his left testicle that radiated up to his left torso. His pain lasted minutes and was improved with massage. He reported a history of varicocelectomy in 2014. He denied taking pain medications. The report notes that there was no history of chronic epididymitis, epididymo-orchitis, or prostatitis. On examination, the penis was normal. There was no erectile dysfunction, or retrograde ejaculation. The left testicle had palpable vessels and tenderness. There was no indication of an abnormality of the right testicle. The epididymis was normal. The diagnosis was left varicocele. The examiner indicated that there was no impact on the Veteran's ability to work. 
 
The Board finds that the claim must be denied. There is no evidence to show that the Veteran has complete atrophy, or removal, of both testes. 38 C.F.R. § 4.115b, DCs 7523, 7524. 

The Board has considered whether a compensable rating is warranted under any other diagnostic code. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). In this regard, in April 2015, the Board remanded the claim. The Board stated that the Veteran was shown to have reported problems starting urination, and with a hesitant urine flow, but that the March 2010 examiner did not discuss whether his left-sided varicocele could cause urinary problems. The Board therefore requested that the Veteran be afforded an examination, and that an opinion be obtained as to whether it is at least as likely as not that the Veteran's left side varicocele caused or affected his reported problems starting urination, and hesitant urinary flow (the Board parenthetically notes that the Veteran also complained of frequent urination, difficulty starting urination, and urine hesitancy during his March 2010 examination). 

In September 2015, the Veteran was afforded an examination. The MSLA examination report shows that the examiner concluded that it is less likely as not (less than a 50 percent probability) that the Veteran has symptoms or problems starting urination, or hesitancy in his urine flow, that were caused or affected by his left-side varicocele. The examiner explained that urinary symptoms are not a common feature of varicoceles, and that while the Veteran has reported a decreased urination stream, there was no objective evidence to draw a nexus between those symptoms and his varicocele. 

Given the foregoing, there is no basis to evaluate the Veteran's disability under the provisions for urinary frequency, or voiding dysfunction, at 38 C.F.R. § 4.115a. In addition, there is no evidence to show that the Veteran's disability is productive of renal dysfunction. 38 C.F.R. § 4.115a. Finally, notwithstanding the Veteran's report of low testosterone during his September 2015 examination, there is no evidence to show that the Veteran's service-connected disability is related to any current erectile dysfunction, or deformity of the penis with loss of erectile power. Therefore, evaluation under 38 C.F.R. § 4.115b, Diagnostic Code 7522 is not warranted. 

The Board recognizes that the Veteran continues to experience pain of the left testicle. However, as indicated, disability evaluations are determined by the application of a schedule of ratings which is based on the average impairment of earning capacity. There is no provision in the schedule of ratings that awards compensation based solely on pain. No functional loss has been attributed to his testicular pain. 

Consideration has also been given to whether the schedular evaluation is inadequate, thus requiring that the RO refer a claim to the Under Secretary for Benefits or the Director, Compensation and Pension Service, for consideration of "an extra-schedular evaluation commensurate with the average earning capacity impairment due exclusively to the service-connected disability or disabilities." 38 C.F.R. § 3.321(b)(1) (2015); Barringer v. Peake, 22 Vet. App. 242, 243-44 (2008) (noting that the issue of an extraschedular rating is a component of a claim for an increased rating and referral for consideration must be addressed either when raised by the veteran or reasonably raised by the record). 

According to Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a veteran may be entitled to "consideration [under 38 C.F.R. § 3.321(b) ] for referral for an extra-schedular evaluation based on multiple disabilities, the combined effect of which is exceptional and not captured by schedular evaluations." Referral for an extraschedular rating under 38 C.F.R. § 3.321(b) is to be considered based upon either a single service-connected disability or upon the "combined effect" of multiple service-connected disabilities when the "collective impact" or "compounding negative effects" of the service-connected disabilities, when such presents disability not adequately captured by the schedular ratings for the service-connected disabilities. 

In this case, the Veteran has not asserted, and the evidence of record has not suggested, any such combined effect or collective impact of multiple service-connected disabilities that create such an exceptional circumstance to render the schedular rating criteria inadequate. More specifically, with regard to his left varicocele disability, in determining whether an extra-schedular evaluation is for consideration, the Board must first consider whether there is an exceptional or unusual disability picture, which occurs where the diagnostic criteria do not reasonably describe or contemplate the severity and symptomatology of a Veteran's service-connected disability. See Thun v. Peake, 22 Vet. App. 111, 115 (2008). If there is an exceptional or unusual disability picture, the Board must next consider whether the disability picture exhibits other factors such as marked interference with employment and frequent periods of hospitalization. Thun, 22 Vet. App. at 115-16. When those two elements are met, the appeal must be referred for consideration of the assignment of an extra-schedular rating. Otherwise, the schedular evaluation is adequate, and referral is not required. 38 C.F.R. § 3.321(b)(1); Thun, 22 Vet. App. at 116.

The schedular evaluation in this case is not inadequate. When comparing the Veteran's disability picture with the symptoms contemplated by the Rating Schedule, the Board finds that manifestations of the service-connected disability are congruent with the disability picture represented by the disability rating assigned herein. The criteria for the rating currently assigned more than reasonably describes the Veteran's disability level and symptomatology. The Veteran is shown to have left testicular pain. Given the ways in which the rating schedule contemplates impairment for the Veteran's disability, the Board concludes that the schedular rating criteria reasonably describe the Veteran's disability picture. In short, there is nothing exceptional or unusual about the Veteran's disability because the rating criteria reasonably describe his disability level and symptomatology. Thun, 22 Vet. App. at 115. 

With respect to the second Thun element, the evidence does not suggest that any of the "related factors" are present. In particular, the Veteran does not contend, and the evidence of record does not suggest, that his disability has caused him to miss work. The September 2015 examination report indicates that the Veteran reported that he was employed as an equipment operator. The examiner indicated that there was no impact on the Veteran's ability to work due to his disability. Notwithstanding a report of a varicocelectomy in 2014, his disability is not shown to have resulted in any hospitalizations. The Board finds, therefore, that the Veteran's service-connected disability in issue does not result in marked interference with employment or frequent periods of hospitalization. 38 C.F.R. § 3.321(b)(1). Thus, even if his disability picture was exceptional or unusual, referral would not be warranted. 

The Veterans Claims Assistance Act of 2000

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a).

However, with regard to claims for initial increased evaluations, the VCAA is no longer applicable. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 491 (2006).

The RO also provided assistance to the appellant as required under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c), as indicated under the facts and circumstances in this case. It appears that all known and available post-service records relevant to the issue on appeal have been obtained and are associated with the Veteran's claims files. The RO has obtained the Veteran's VA medical records, and service treatment records. The Veteran has been afforded two examinations. 

In April 2015, the Board remanded this claim. The Board directed that the Veteran be scheduled for an examination, to include an opinion as to whether or not the Veteran's service-connected disability was related to his urinary symptoms, and in September 2015, this was done. Under the circumstances, the Board finds that there has been substantial compliance with its remand. See Dyment v. West, 13 Vet. App. 141, 146-147 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998) where Board's remand instructions were substantially complied with); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (remands which would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the veteran are to be avoided).

Simply stated, the Board finds that the post-service medical record provides highly probative evidence against this claim. The Board concludes, therefore, that a decision on the merits at this time does not violate the VCAA, nor prejudice the appellant under Bernard v. Brown, 4 Vet. App. 384 (1993). 

Based on the foregoing, the Board finds that the Veteran has not been prejudiced by a failure of VA in its duty to assist, and that any violation of the duty to assist could be no more than harmless error. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004).


ORDER

An initial compensable evaluation for service-connected left varicocele with bilateral hydroceles is denied.



____________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs