http://www.va.gov/vetapp16/Files2/1617309.txt

Citation Nr: 1617309 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 14-23 197 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia

THE ISSUES

1. Entitlement to an increased evaluation for residuals of a left elbow fracture with degenerative arthritis, currently evaluated as 10 percent disabling.

2. Entitlement to an initial rating in excess of 10 percent for Type II diabetes mellitus.

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

Shauna M. Watkins, Counsel

INTRODUCTION

The Veteran served on active duty from July 1958 to July 1984.

This case comes before the Board of Veterans' Appeals (Board) on appeal from September 2011 and November 2012 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia.

The September 2011 rating decision denied a rating in excess of 10 percent for residuals of a left elbow fracture with degenerative arthritis. 

The November 2012 rating decision granted entitlement to service connection for diabetes mellitus, type II, and assigned a 10 percent rating effective June 25, 2012. 

In June 2015, the Board remanded this appeal to the RO via the Appeals Management Center (AMC), in Washington, DC, for further development. The appeal has now been returned to the Board for appellate disposition. 

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record, in addition to the Veteran's Virtual VA paperless claims file.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issue of entitlement to an increased evaluation for residuals of a left elbow fracture with degenerative arthritis, currently evaluated as 10 percent disabling, is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDING OF FACT

Throughout the appeal period, the Type II diabetes mellitus has been manifested by a restricted diet and regulation of activity, but has not required the use of medication.

CONCLUSION OF LAW

The criteria for an initial disability rating in excess of 10 percent for Type II diabetes mellitus are not met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.119, Diagnostic Code (DC) 7913 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the veteran). 

I. VA's Duties to Notify and Assist

Under applicable law, VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record: (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and, (3) that the claimant is expected to provide. This notice must be provided prior to an initial unfavorable decision on a claim by the AOJ. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

This appeal arises from the Veteran's disagreement with the initial rating assigned following the grant of service connection for Type II diabetes mellitus. As such, pertinent regulation provides that VA has no further obligation to provide notice under 38 U.S.C.A. § 5103 on this downstream element of the claim. See 38 C.F.R. § 3.159(b)(3)(1). In so providing, the courts have held that once service connection is granted, the claim is substantiated, further notice as to the "downstream" elements concerning the initial rating and effective date is not required, and any defect in the notice is not prejudicial. See Dingess v. Nicholson, 19 Vet. App. 473, 490-491 (2006); see also Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Dunlap v. Nicholson, 21 Vet. App. 112 (2007). Thus, because the section 5103 notice letter provided in October 2012 before the grant of service connection for Type II diabetes mellitus was legally sufficient, VA's duty to notify in this case is satisfied. See also Goodwin v. Peake, 22 Vet. App. 128 (2008); Dunlap v. Nicholson, supra. 

VA also has a duty to assist the Veteran in the development of the claim. This duty includes assisting the Veteran in the procurement of service treatment records (STRs) and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Here, the Board finds that all relevant facts have been properly developed, and that all evidence necessary for equitable resolution of the issue has been obtained. His STRs and post-service treatment records have been obtained. In December 2013, the Social Security Administration (SSA) informed VA that they could not locate the Veteran's SSA records. The AOJ issued a Formal Finding of Unavailability in December 2013, and the Veteran was informed of the unavailability of his SSA records in a letter dated that same month. The Veteran was provided the opportunity to submit his own copies of these records, which he did not. The Board does not have notice of any additional relevant evidence that is available but has not been obtained. Additionally, the Veteran has been afforded VA examinations, and the reports of those evaluations contain all findings needed to properly evaluate his disability. 38 C.F.R. § 4.2 (2015). The Board also finds no credible lay or medical evidence demonstrating or alleging an increased severity of the disability since the most recent VA examination in January 2016. Thus, there is no duty to provide further medical examination on the claim on appeal. See VAOPGCPREC 11-95 (Apr. 7, 1995).

The Board is also satisfied as to substantial compliance with its June 2015 remand directives. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999); Stegall v. West, 11 Vet. App. 268 (1998). This included scheduling the Veteran for another VA examination, which he had in January 2016. The remand also directed the AOJ to obtain the Veteran's recent VA treatment records, which were secured and associated with the Veteran's claims file. Finally, the remand also directed the AOJ to readjudicate the Veteran's claim, which was accomplished in the January 2016 Supplemental Statement of the Case (SSOC). Thus, the Board finds that there has been substantial compliance with its remand directives. Id.

For the foregoing reasons, the Board concludes that all reasonable efforts were made by the VA to obtain evidence necessary to substantiate the Veteran's claim. Therefore, no further assistance to the Veteran with the development of evidence is required.

II. Analysis

Disability evaluations are determined by the application of a schedule of ratings which is based on the average impairment of earning capacity in civil occupations. Separate DCs identify the various disabilities. See 38 U.S.C.A. § 1155; 38 C.F.R. § Part 4 (2015).

Where a veteran appeals the initial rating assigned for a disability at the time that service connection for that disability is granted, evidence contemporaneous with the claim and with the initial rating decision granting service connection would be most probative of the degree of disability existing at the time that the initial rating was assigned and should be the evidence "used to decide whether an original rating on appeal was erroneous . . . ." Fenderson v. West, 12 Vet. App. 119, 126 (1999). If later evidence indicates that the degree of disability increased or decreased following the assignment of the initial rating, "staged" ratings may be assigned for separate periods of time based on facts found. Id.

The Veteran is in receipt of a 10 percent disability rating under 38 C.F.R. § 4.119, DC 7913 for his Type II diabetes mellitus. He seeks a higher initial disability rating.

Under DC 7913, a 10 percent rating is assigned for Type II diabetes mellitus that is manageable by restricted diet only. A 20 percent rating is warranted for Type II diabetes mellitus that requires insulin and a restricted diet, or; an oral hypoglycemic agent and a restricted diet. A 40 percent evaluation is warranted for Type II diabetes mellitus that requires insulin, a restricted diet, and regulation of activities. 38 C.F.R. § 4.119. 

In applying the above law to the facts of the case, the Board finds that the Veteran is not entitled to a higher disability rating for his Type II diabetes mellitus. Here, there is no evidence of the Veteran's Type II diabetes mellitus requiring insulin or an oral hypoglycemic agent, to warrant a higher 20 percent disability rating. 38 C.F.R. § 4.119, DC 7913.

Specifically, a June 2012 VA treatment record documents that the Veteran needed to work on his diet for the management of his Type II diabetes mellitus. The record also documented that the Veteran was on the Prednisone medication, which caused increased sugars. The Veteran was aware that he needed to adjust the carbohydrates in his diet and cut down on sugar in coffee.

The October 2012 VA examination determined that the Veteran controlled his diabetes with a restricted diet. The examiner determined that the Veteran had not been prescribed insulin or oral hyperglycemic agents, and did not require regulation of his activities. The Veteran did not have any additional complications due to his service-connected Type II diabetes mellitus.

An August 2013 VA treatment record documented that the Veteran's Type II diabetes mellitus had good control due to steroids.

A January 2014 unrelated aid and attendance VA examination documented that the Veteran's Type II diabetes mellitus was being treated with diet and no medications.

A February 2015 VA medical record noted that the Veteran's Type II diabetes mellitus was "stable on present meds, diet and activity level."

The Veteran was provided another VA examination in January 2016. The VA examiner determined that the Veteran's Type II diabetes mellitus was managed by a restricted diet and strict exercise protocol. The Veteran followed a very strict diet in order to control his Type II diabetes mellitus. The Veteran's Type II diabetes mellitus required a regulation of his activities as part of his medical management. The Veteran did not have any additional complications due to his Type II diabetes mellitus. The examiner noted that the Veteran took Prednisone (steroids) for another non-diabetic related condition, which made it very difficult for the Veteran to control his blood glucose.

The remaining treatment records in the claims file do not provide any evidence contrary to that described above.

Thus, in applying the above law to the facts of the case, the Board finds that the Veteran is not entitled to a higher disability rating for his Type II diabetes mellitus. Here, there is no evidence of the Veteran's Type II diabetes mellitus requiring insulin or an oral hypoglycemic agent, to warrant a higher 20 percent disability rating. 38 C.F.R. § 4.119, DC 7913.

The Board notes that the Veteran's representative in the April 2016 Informal Hearing Presentation (IHP) noted that insulin was prescribed for the Veteran in 2001 by the VA Medical Center (VAMC). The representative argued that this evidence should warrant awarding the Veteran a higher disability rating. However, this medical evidence cannot support a higher disability rating for the Veteran as this evidence is outside the pertinent appeal period. Here, the Veteran was not awarded service connection until June 2012. Thus, the fact that the Veteran was prescribed insulin in 2001 cannot support a higher disability rating. Since June 2012, the medical evidence does not establish that the Veteran has been prescribed insulin for the treatment of his service-connected Type II diabetes mellitus. A higher rating is not warranted.

Furthermore, the Veteran's symptoms do not appear to have changed significantly during this initial rating period so as to warrant a staged rating. Fenderson, 12 Vet. App. at 126. 

The Board notes that in adjudicating a claim, the competence and credibility of the Veteran must be considered. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). The Board acknowledges that the Veteran is competent to give evidence about what he observes or experiences. For example, he is competent to report that his Type II diabetes mellitus requires him to follow a restricted diet, and he is credible in this regard. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). The Veteran's competent and credible belief that his disability is worse than the assigned rating, however, is outweighed by the competent and credible medical examinations that evaluated the true extent of impairment based on objective data coupled with the lay complaints. The VA examiners have the training and expertise necessary to administer the appropriate tests for a determination on the type and degree of the impairment associated with the Veteran's complaints. For these reasons, greater evidentiary weight is placed on the physical examination findings. Also, as stated above, the rating criteria are specific in indicating that some of the criteria must be objectively demonstrated. 

In sum, the preponderance of the evidence is against the assignment of an initial disability rating in excess of 10 percent for the service-connected Type II diabetes mellitus at any time during the appeal period. Thus, the claim is denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The above determination is based on application of provisions of the VA's Schedule for Rating Disabilities. 38 C.F.R. Part 4 (2015). However, the regulations also provide for exceptional cases involving compensation. Pursuant to 38 C.F.R. 
§ 3.321(b)(1) (2015), the VA Under Secretary for Benefits or the Director of the Compensation and Pension Service is authorized to approve an extraschedular evaluation if the case "presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization as to render impractical the application of the regular schedular standards." 38 C.F.R. § 3.321(b)(1). 

The question of an extraschedular rating is a component of a claim for an increased rating. See Bagwell v. Brown, 9 Vet. App. 337, 339 (1996). Although the Board may not assign an extraschedular rating in the first instance, it must specifically adjudicate whether to refer a case for extraschedular evaluation when the issue either is raised by the claimant or is reasonably raised by the evidence of record. Barringer v. Peake, 22 Vet. App. 242 (2008). 

If the evidence raises the question of entitlement to an extraschedular rating, the threshold factor for extraschedular consideration is a finding that the evidence before VA presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Therefore, initially, there must be a comparison between the level of severity and symptomatology of a veteran's service-connected disability with the established criteria found in the rating schedule for that disability. Thun v. Peake, 22 Vet. App. 111 (2008). 
If the criteria reasonably describe the claimant's disability level and symptomatology, then a veteran's disability picture is contemplated by the rating schedule. The assigned schedular evaluation is, therefore, adequate, and no referral is required. In the second step of the inquiry, however, if the schedular evaluation does not contemplate the claimant's level of disability and symptomatology, and is found inadequate, the RO or Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms." 38 C.F.R. 3.321(b)(1) (related factors include "marked interference with employment" and "frequent periods of hospitalization"). 

Here, because the schedular rating for the Veteran's Type II diabetes mellitus fully addresses his symptoms, which include mainly a restricted diet and regulation of his activities, referral to the VA Under Secretary for Benefits or the Director of Compensation and Pension Service for consideration of an extraschedular evaluation is not warranted. A comparison between the level of severity and symptomatology of the Type II diabetes mellitus with the established criteria shows that the rating criteria reasonably describe the Veteran's disability level and symptomatology. Specifically, the Veteran reports a restricted diet and regulation of his activities for the treatment of his service-connected Type II diabetes mellitus. The regulations address a restricted diet and regulation of his activities, and these symptoms were considered in assigning him his current disability rating. However, even with consideration of these symptoms, his symptoms were not severe enough to warrant a higher disability rating. Thus, the Veteran's symptoms of a restricted diet and regulation of his activities were considered in the regulations. There is no credible evidence that the Veteran's service-connected disability causes impairment that is not contemplated by the schedular rating criteria or that renders impractical the application of the regular schedular standards. See Thun, 22 Vet. App. at 111. Accordingly, referral of this case for consideration of an extraschedular rating is not warranted. Id.; see also Bagwell v. Brown, 9 Vet. App. 337 (1996); Floyd v. Brown, 9 Vet. App. 88 (1996). 

Further, the Board notes that under Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a veteran may be awarded an extraschedular rating based upon the combined effect of multiple conditions in an exceptional circumstance where the evaluation of the individual conditions fails to capture all the service-connected disabilities experienced. However, in this case, after applying the benefit of the doubt under of Mittleider v. West, 11 Vet. App. 181 (1998), there are no additional service-connected disabilities that have not been attributed to a specific service-connected condition. Accordingly, this is not an exceptional circumstance in which extraschedular consideration may be required to compensate the Veteran for a disability that can be attributed only to the combined effect of multiple conditions. 

Finally, pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009), a claim for a total disability rating based in individual unemployability due to service-connected disabilities (TDIU) is considered part and parcel of an increased rating claim when the issue of unemployability is raised by the record. In this case, the issue of unemployability is not raised by the record. At both VA examinations, the VA examiners determined that the Veteran's Type II diabetes mellitus did not impact his ability to work. The Veteran has not alleged that his service-connected Type II diabetes mellitus has resulted in unemployment. Therefore, consideration of a TDIU is not warranted. 

ORDER

An initial disability rating in excess of 10 percent for Type II diabetes mellitus is denied.

REMAND

Inasmuch as the Board regrets the additional delay of this appeal, a remand is required before the remaining left elbow claim can be properly adjudicated. 
 
In June 2015, the Board remanded the left elbow claim for VA treatment records and then a readjudication of the issue by the AOJ. Upon remand, the VA treatment records were obtained, but the AOJ did not readjudicate the claim in a SSOC as specifically requested by the Board in its remand. Thus, to date, the issue has not been readjudicated by the AOJ following the development completed upon remand. The Board finds that a remand is required in order to comply with the Board's prior June 2015 remand directives. See Stegall, 11 Vet. App at 268 (holding that where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Readjudicate the claim of entitlement to an increased evaluation for residuals of a left elbow fracture with degenerative arthritis, currently evaluated as 10 percent disabling. If the claim remains denied, issue to the Veteran and his representative a SSOC. Afford them the appropriate period of time within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
WAYNE M. BRAEUER 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs