# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1329

PAUL T. URBAN, JR., APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before IVERS, GREENE, and HAGEL, *Judges.*

# O R D E R

Paul T. Urban, through counsel, appealed to the Court a March 10, 2003, Board of Veterans' Appeals (Board) decision in which the Board awarded him a rating of total disability based on individual unemployability (TDIU) for his service-connected disabilities. The Secretary moved to dismiss this appeal for lack of jurisdiction, asserting that the claim adjudicated by the Board was granted, that the Board decision was not adverse to Mr. Urban, and that, therefore, no case or controversy existed between the parties. Secretary's Motion at 1-2. On September 22, 2003, Mr. Urban filed a response to the Secretary's motion to dismiss. He argued that he was adversely affected by the Board's final decision because the Board either failed to assign an effective date, an essential element of his claim for a TDIU rating, or failed to remand that matter to a VA regional office (RO) with instructions to further develop the effective-date issue. Appellant's Response at 2-6. Relying on *Stanley v. Principi*, 283 F.3d 1350 (Fed. Cir. 2002), Mr. Urban contended that the Board decision awarding a TDIU rating constituted a final Board decision over which the Court could exercise jurisdiction. Response at 8.

On January 9, 2004, the Court granted the Secretary's motion and dismissed the appeal for lack of jurisdiction. *Urban v. Principi*, No. 03-1329, 2004 U.S. Vet. App. LEXIS 136 (Jan. 9, 2004) (single-judge order). In so doing, the Court concluded:

[Mr. Urban's] arguments lack merit. Under 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a Board decision by this Court, that decision must be final and the person adversely affected by that decision must file a [Notice of Appeal] within 120 days after the date on which notice of the Board decision was mailed. *See In re Quigley*, 1 Vet.App. 1 (1990). Here, the award of a [total disability based on individual unemployability] rating by the Board was not adverse to the claimant and the issue of the effective date remains pending and thus is not final. If [Mr. Urban] disagrees with an effective date assigned by the [regional office] and the Board and the decision is final, he may appeal to the Court. Because there is no case or controversy regarding entitlement to a [total disability based on individual unemployability] rating, the Court lacks jurisdiction to entertain that claim. *See Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990) (Court adopts Article III case or

controversy rubric); *see also Shoen v. Brown*, 6 Vet.App. 456 (1994) (appellate review requires case or controversy).

*Urban*, 2004 U.S. Vet. App. LEXIS, at *2.

On January 28, 2004, Mr. Urban filed a motion for reconsideration or, in the alternative, for a panel decision. He argues that (1) under the opinion of the United States Court of Appeals for the Federal Circuit (Federal Circuit) in *Stanley, supra*, the Board's March 10, 2003, decision was final and (2) he was adversely affected by the Board's decision because the Board did not fully adjudicate the final element of his claim by assigning an effective date nor did it remand the effective-date element of his claim to the RO. Although Mr. Urban acknowledges in his motions that on March 25, 2003, the RO assigned an effective date for his award of a TDIU rating, he argues that he has been denied the benefit of expedited consideration of his claim provided by section 302 of theVeterans Benefits Improvements Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658, now codified at 38 U.S.C. § 5109A, because he now must initiate a new appeal from the RO's decision establishing an effective date.

Mr. Urban's reliance on the Federal Circuit's decision in *Stanley*, for the proposition that the Board's decision is final, is misplaced. In *Stanley*, the Federal Circuit, in determining that the Board had made a final decision when it concluded that the claim could be reopened based on new and material evidence, was interpreting 38 U.S.C. § 5904(c)(1), the statute governing the award of attorney fees. *See Stanley*, 283 F.3d at 1358-59. Notably, the Federal Circuit did not cite to 38 U.S.C. § 7266(a), the statute governing this Court's jurisdiction. Indeed, the Federal Circuit stated that its interpretation of what constitutes a "final" decision did not affect whether the particular Board decision would be "appealable to the [U.S.] Court of Appeals for Veterans Claims." *Id.* at 1359. Accordingly, Mr. Urban's argument is rejected.

Mr. Urban's remaining arguments concerning the Court's jurisdiction are without merit. When reviewing Mr. Urban's claim, the Board was obligated to consider all reasonably raised matters regarding the issue on appeal. In its decision, the Board identified the issue before it as entitlement to a rating of TDIU. The Board awarded Mr. Urban a TDIU rating and ordered payment to him "subject to controlling laws and regulations applicable to payment of VA benefits." Mr. Urban has not alleged that he raised to the Board, the issue of the assignment of a particular effective date and the Board decision did not specifically address that issue, thereby properly leaving it for the RO to determine. *See Richard v. Brown*, 9 Vet. App. 266, 269 (1996) (holding that issue regarding effective date is not ripe for review by the Court until the Board renders a final decision addressing that issue). Mr. Urban advises that he has filed a Notice of Disagreement (NOD) as to the RO's March 25, 2003, decision assigning him an effective date. Consequently, that issue remains under consideration by VA and is not yet ripe for review. *See Mokal,* 1 Vet.App. at 15; *cf. Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (holding that Board's remand of the veteran's claim to RO was not an adverse final decision over which Court had jurisdiction). Concerning Mr. Urban's contention that the Board was required to provide remand instructions to the RO and to specifically identify the further development required pursuant to 38 C.F.R. § 19.9 (2003), that argument became moot when the RO issued its decision on March 25, 2003.

To the extent that Mr. Urban is arguing that the Board must assign, sua sponte, an effective date once it awards a rating of TDIU on appeal from an RO decision, such an argument is unavailing unless an NOD is then of record as to the downstream issue of an effective date for the assignment of that rating. *See Collaro v. West*, 136 F.3d 1304, 1308 (1998) ("There are five common elements to a veteran's application for benefits: status as a veteran, the existence of disability, a connection between the veteran's service and the disability, the degree of disability, and the effective date of the disability. Disagreement between the agency and the veteran about any of these may create an issue about which the agency reaches an adjudicative determination and which forms the substance of the veteran's [Notice of Disagreement]."); *see also* 38 U.S.C. § 7105(a) (appellate review by Board "will be initiated by a [N]otice of [D]isagreement and completed by a [S]ubstantive [A]ppeal after a [S]tatement of the [C]ase is furnished"); 38 C.F.R. § 20.200 (2003). Because Mr. Urban has neither alleged nor shown that an NOD relating to the assignment of an effective date was filed before the Board's March 2003 decision, the Board did not err by not addressing that issue. *See* 38 U.S.C. § 7105(a); *Garlejo v. Brown,* 10 Vet.App. 229, 232 (1997) (Board did not err in refusing to adjudicate matter as to which no NOD was filed); *see also Herlehy v. Principi*, 15 Vet.App. 33, 35-36 (2001) (per curiam order) (Board's jurisdiction is dependent on claimant having filed timely NOD); *Buckley v. West*, 12 Vet.App. 76, 82 (1998) (Board's jurisdiction derives from claimant's NOD). Furthermore, it is also unclear what effect the Board's adjudication of the issue of effective date in the first instance would have on Mr. Urban's right to an administrative appeal. *See* 38 U.S.C. § 7104(a); *see Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 327 F.3d 1339, 1341 (Fed. Cir. 2003) (invalidating 38 C.F.R. § 19.9(a)(2) because "it allows the Board to consider additional evidence without having to remand the case to the [agency of original jurisdiction] for initial consideration [or] without having to obtain the appellant's waiver [of such remand]" contrary to 38 U.S.C. § 7104(a) which mandates that all decisions on a matter are subject to one review on appeal to the Secretary).

In sum, because the March 2003 Board decision was not adverse to Mr. Urban and because the Court does not have jurisdiction to review directly an appeal from an RO decision, the Court does not possess jurisdiction over this appeal. *See* 38 U.S.C. §§ 7252, 7266; *Hibbard v. West*, 13 Vet.App. 546, 548 (2000) (per curiam order) (Court's jurisdiction is statutorily limited to appeals of final Board decisions adverse to claimant).

Upon consideration of the foregoing and the parties' prior pleadings, it is

ORDERED that Mr. Urban's motion for a panel decision is granted, the Court's order filed on January 9, 2004, is vacated, and this order is issued in its stead. It is further

ORDERED that the alternative motion for reconsideration is dismissed as moot. It is further

ORDERED that the Secretary's motion to dismiss is granted and this appeal is DISMISSED for lack of jurisdiction.

DATED: June 29, 2004                                        PER CURIAM.