LANCE, Judge,
concurring in part and dissenting in part:
I concur in the majority’s analysis of the appellant’s PTSD claim. However, I must dissent from part III.E of the majority’s opinion, which vacates the Board’s decision as to the appellant’s claims for dysthymia and depression and remands them for re-adjudiction on a direct basis even though they had previously been granted only as secondary to PTSD. The appellant was ably represented by experienced counsel from the National Veterans Legal Services Program who filed a 30-page brief laying out numerous arguments on appeal. However, the only basis that counsel advanced for remanding these two claims was that they are inextricably intertwined with the PTSD claim. Appellant’s Brief at 29-30. Accordingly, I do not believe the majority is justified in sua sponte raising and ruling upon the new theory that it relied upon. See Ford v. Gober, 10 Vet.App. 531, 535 (1997) (claims not argued on appeal are deemed abandoned); Bucklinger v. Brown, 5 Vet.App. 435, 436 (1993).
I also believe the opinion’s reliance on Jarrell v. Nicholson, 20 Vet.App. 326 (2006) (en banc), is too cursory. While it may be true that the Board has jurisdiction over all theories within a single claim, it does not follow that it can address all theories in the first instance. See, e.g., Gardner v. Shinseki, 22 Vet.App. 415, 418 n. 2 (2009) (questioning whether Disabled Am. Veterans v. Sec’y of Veterans Affairs, 327 F.3d 1339, 1346-48 (Fed.Cir.2003), permits the Board to address the merits of a claim after reversing an RO decision declining to reopen the claim); Urban v. Principi, 18 Vet.App. 143, 145-46 (2004) (per curiam order) (observing that Disabled Am. Veterans might preclude the Board from addressing in the first instance new issues raised by a favorable ruling on the issue appealed by the appellant); Pelegrini v. Principi 18 Vet.App. 112, 123 (2004) (noting other regulatory provisions called into question by Disabled Am. Veterans to the extent that they appear to permit the Board to consider evidence in the first instance). Accordingly, I also believe that the majority’s analysis is too simplistic and could cause confusion.
Therefore, I respectfully dissent from the section of the opinion vacating the appellant’s claims for dysthymia and depression.