NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH J. DELANO, JR.,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETER-ANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1694

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5431, Judge Amanda L. Meredith, Judge Michael P. Allen, Judge Scott Laurer.

---

Decided: October 6, 2022

---

KENNETH J. DELANO, JR., Madison, AL, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before DYK, TARANTO, and STARK, *Circuit Judges.*

PER CURIAM.

Kenneth J. Delano, Jr., appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court). *See Delano v. McDonough*, No. 20-5431, 2021 WL 5578501 (Vet. App. Nov. 30, 2021). The Veterans Court held that the Board did not err in failing to address the disability rating for Mr. Delano's back disability, because Mr. Delano had not filed a Notice of Disagreement (NOD) with the disability rating assigned by the Department of Veterans Affairs (VA) regional office (RO) with respect to the back disability. We *dismiss*.

## BACKGROUND

Mr. Delano served on active duty in the U.S. Air Force from January 1985 to October 2007. He applied for disability compensation for eye conditions and a back disability. In July 2008, the RO awarded service connection for several eye conditions, but denied service connection for a back disability. Mr. Delano filed a Notice of Disagreement (NOD) with respect to several issues, including the denial of service connection for the back disability.

In December 2010, the RO issued a Statement of the Case denying service connection for the back condition. In January 2011, Mr. Delano appealed the denial of service connection and rating for the back disability to the Board.

In November 2016, the Board awarded disability compensation for a low back disability and remanded to the RO to decide the disability rating. In December 2016, the RO implemented the Board's decision concerning the back condition, rating it as 20 percent disabling. While Mr. Delano submitted a January 2017 letter to the Board in which he contends that he disagreed with the RO's disability rating for his back condition, he did not file an NOD with the RO with respect to that decision.

In October 2018, the RO assigned a 30 percent disability rating for the bilateral eye disability for which Mr. Delano had previously been awarded service connection. Mr. Delano filed an NOD with respect to that decision and appealed to the Board.

On November 15, 2019, addressing that appeal, the Board denied a rating in excess of 30 percent for the bilateral eye disability. The Board did not address the 20 percent rating assigned by the RO in 2016 for the back disability, a rating Mr. Delano had not challenged before the Board. Mr. Delano appealed to the Veterans Court.

On November 30, 2021, with respect to the bilateral eye disability, the Veterans Court issued a decision vacating the Board's November 2019 decision and remanding for further proceedings, holding that the Board "provided inadequate reasons or bases for its decision." S.A. 6. As for the rating for the back disability, the Veterans Court held that the Board lacked jurisdiction to review RO's December 2016 rating decision, because Mr. Delano had not filed a timely NOD challenging that issue.

This appeal followed.

## DISCUSSION

"Appellate review [by the Veterans Court] will be initiated by a notice of disagreement . . ." 38 U.S.C. § 7105(a) (2016).[1] "If no notice of disagreement is filed in accordance with this chapter within the prescribed period, the action or determination shall become final and the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulations." *Id.* § 7105(c). "Review in the

---

[1] This section was amended in 2017. *See* Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, § 2(q)(1), 131 Stat. 1105, 1111–12.

[Veterans] Court shall be on the record of proceedings before the Secretary and the Board." *Id*. § 7252(b).

As the Veterans Court observed, Mr. Delano "does not contend or point to evidence reflecting that he filed an NOD as to the December 2016 RO decision." S.A. 8. Where a claimant "has neither alleged nor shown that an NOD relating to [an element of the claim] was filed before [a Board] decision, the Board [does] not err by not addressing that issue." *Urban v. Principi*, 18 Vet. App. 143, 145 (2004) (per curiam order) (citations omitted), *aff'd sub nom. Urban v. Nicholson*, 128 F. App'x 154 (Fed. Cir. 2005). Because Mr. Delano never appealed the 2016 back rating decision to the Board by filing an NOD as to that decision, the Board did not err by not addressing that issue.

Mr. Delano points to a January 2017 letter he submitted to the Board, which he contends qualified as an NOD as to the back rating because "[a] letter sent within one month in direct response to, and disagreeing with, the Agency's decision constitutes an NOD." Opening Br. 4. Mr. Delano does not dispute the letter was not submitted to the RO, so, as a matter of law, it cannot serve as an NOD. 38 U.S.C. § 7105(b)(1) ("Such notice [of disagreement], and appeals, must be in writing and be filed with the activity [RO] which entered the determination with which disagreement is expressed . . . ."). So, too, given the RO first assigned any disability rating for Mr. Delano's back condition in 2016, the 2010 NOD cannot, as a matter of law, provide notice to the Board that Mr. Delano disagreed with the RO's 2016 back rating.

We have considered Mr. Delano's remaining arguments and find them unpersuasive.

Because Mr. Delano raises no colorable claim of legal error, we dismiss.

**DISMISSED**

DELANO v. MCDONOUGH                                          5

COSTS

No costs.