## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-3523

Mark J. Stiles, Appellant,

v.

Denis McDonough,
Secretary of Veterans Affairs, Appellee.

Before BARTLEY, *Chief Judge*, and PIETSCH and MEREDITH, *Judges*.

### O R D E R

Before the Court is veteran Mark J. Stiles's appeal of a November 2019 Board of Veterans' Appeals (Board) remand of his claims of entitlement to an initial evaluation in excess of 10% for chronic sinusitis and a compensable initial evaluation for allergic rhinitis. The Secretary moved to dismiss the appeal for lack of jurisdiction because the only claims the Board addressed were remanded rather than finally adjudicated. In a single-judge order, the Court granted the Secretary's motion to dismiss.[1] After the appellant filed a motion for reconsideration or, in the alternative, for a panel decision, this case was sent to a panel to consider whether the Court has jurisdiction to review a Board remand that failed to refer pending claims to the agency of original jurisdiction (AOJ) for initial adjudication. We hold that we do not. Accordingly, the Court will grant the Secretary's motion to dismiss the appeal.

### I. BACKGROUND

The appellant served on active duty in the U.S. Air Force from July 1992 to October 1999. *Mark J. Stiles*, BVA 15-40 889 (Nov. 14, 2019), at 1. His service treatment records include a May 1997 sleep study reflecting a diagnosis of sleep apnea and entries for a nasal sinus septoplasty. Appellant's Response (Resp.) to Motion to Dismiss at Attachment 2. He filed an August 3, 2006, claim for service connection for "nasal (sinus) septoplasty." *Id.* at Attachment 1. The AOJ denied the claim in April 2007, and he appealed. *Id.* at Attachments 3 and 4.

On December 17, 2008, VA acknowledged the appellant's claim for service connection for a sinus condition and vertigo, noted that service connection for vertigo had not been addressed, and explained that because vertigo is a symptom rather than a disability, no further action would be taken on that claim. *Id.* at Attachment 5. In March 2013, the AOJ awarded service connection for chronic sinusitis and allergic rhinitis but did not reference vertigo. *Id.* at Attachment 6. The appellant appealed, arguing that the initial evaluation for sinusitis was too low because of the discomfort it caused and its effect on his ability to sleep. *Id.* at Attachment 7. Additionally, he submitted through his current counsel a September 2019 written argument to the Board that the

---

[1] The Court also dismissed as moot the appellant's September 21, 2020, motion disputing the content of the record before the agency (RBA).

claim for service connection for vertigo remained pending; that his original claim for "nasal (sinus) septoplasty" encompassed a claim for service connection for obstructive sleep apnea that also remained pending; and that these claims should be referred to the AOJ for initial adjudication. *Id.* at Attachment 8.

The Board, in November 2019, remanded the issues of entitlement to an initial evaluation in excess of 10% for chronic sinusitis and a compensable initial evaluation for allergic rhinitis. *Stiles*, BVA 15-40 889, at 1. The Board did not refer claims for service connection for sleep apnea and vertigo to the AOJ for initial adjudication, nor did it reference counsel's September 2019 written argument or symptoms of sleep apnea or vertigo.

In March 2020, the appellant filed a motion for reconsideration of the Board's November 2019 remand, requesting that the Board address the arguments raised in the September 2019 written argument as to whether the vertigo and obstructive sleep apnea claims remained pending. Appellant's Resp. to Motion to Dismiss at Attachment 10. In April 2020, the Board dismissed the motion on the grounds that the November 2019 remand did not constitute a final decision on the merits. *Id.* at Attachment 11. The appellant appealed to this Court.

On October 5, 2020, the Secretary moved for dismissal, asserting that the November 2019 Board remand does not constitute a final decision over which the Court may exercise jurisdiction, Motion to Dismiss at 2, and the Secretary concurrently filed a motion to stay proceedings, which the Court granted, pending disposition of the motion to dismiss. The appellant, on October 19, 2020, opposed the Secretary's motion to dismiss, arguing that the Court has jurisdiction to review the Board's failure to refer to the AOJ expressly raised claims for service connection for sleep apnea and vertigo. Appellant's Resp. to Motion to Dismiss at 3-4.

The Court granted the Secretary's motion to dismiss on March 12, 2021. The appellant filed a timely motion for reconsideration (MFR) or, in the alternative, panel consideration. After additional pleadings, the Court convened a panel and held oral argument.

## II. PARTIES' ARGUMENTS

The Secretary argues that the November 2019 Board remand does not constitute a final decision over which the Court may exercise jurisdiction. He cites 38 U.S.C. § 7266(a) for the proposition that a VA claimant may obtain this Court's review only by receiving a final Board decision that has an adverse effect on the claimant. Motion to Dismiss at 2. He further cites 38 C.F.R. § 20.1100(b) for the proposition that a Board remand has the nature of a preliminary order, not a final decision. *Id.* The Secretary reasons that, because the November 2019 Board remand is not a final Board decision, the appellant has not exhausted his administrative remedies, and this appeal must be dismissed. *Id.* The Secretary lists those administrative remedies as including pursuit of the original claims by seeking a final AOJ decision and initiating an appeal with a Notice of Disagreement (NOD) or filing a petition for extraordinary relief. Secretary's Resp. to MFR at 4.

The appellant argues that, prior to issuance of the November 2019 Board remand, he submitted correspondence to the Board, asserting that his claims for service connection for sleep

apnea and vertigo remain pending and that the Board was required to refer those claims to the AOJ for development and adjudication. Appellant's Resp. to Motion to Dismiss at 2. He asserts that the Board is required to adjudicate all issues expressly raised, and the Board's refusal to acknowledge his request for referral "at best[] impliedly denied jurisdiction of these claims or at wors[t] impliedly denied the claims themselves." *Id.* at 4 (first citing *Robinson v. Peake*, 21 Vet.App. 545, 552 (2008), *aff'd sub nom. Robinson v. Shinseki*, 557 F.3d 1355 (Fed. Cir. 2009); then citing *Urban v. Principi*, 18 Vet.App. 143, 145 (2004) (per curiam order); then citing *Brannon v. West*, 12 Vet.App. 32, 35 (1998); and then citing *Barringer v. Peake*, 22 Vet.App. 242, 243 (2008)); *see* MFR at 4 (citing *Young v. Shinseki*, 25 Vet.App. 201, 203-04 (2012) (en banc order) (per curiam)).

The appellant further argues in his motion for reconsideration that the Board's failure to refer the claims contravenes what he characterizes as the Board's regulatory duty under 38 C.F.R. § 20.904(b) to refer unadjudicated claims to the AOJ for initial adjudication. MFR at 2-4. He emphasizes the mandatory nature of the language of § 20.904, which provides as follows: "The Board *shall* refer to the [AOJ] for appropriate consideration and handling in the first instance all claims reasonably raised by the record that have not been initially adjudicated by the [AOJ], except for claims over which the Board has original jurisdiction." 38 C.F.R. § 20.904(b) (2023) (emphasis added); *see* MFR at 3.

The appellant concedes that the Board did not have jurisdiction to adjudicate the merits of the vertigo and sleep apnea claims, but he asserts that the Board's failure to follow this mandatory requirement and to address the jurisdictional issue that he directly raised to the Board is an implied adverse determination as to Board jurisdiction to refer the sleep apnea and vertigo claims. MFR at 3-4. He maintains that the Board's refusal to comply with § 20.904 is a legal error over which the Court may assume jurisdiction, citing *Marsh v. West*, 11 Vet.App. 468, 470 (1998), and *Mintz v. Brown*, 6 Vet.App. 277, 281 (1994), for the proposition that the Court has jurisdiction to review a Board determination that the Board lacks jurisdiction over a particular claim. MFR at 2. In that regard, he asserts that "[a] plain reading of [§ 20.904(b)] shows that some jurisdiction is necessarily conveyed upon the Board with respect to reasonably raised claims, even though the [AOJ] has not yet adjudicated them." Appellant's Reply to Secretary's Resp. to MFR at 3. The appellant contends that the Board's November 2019 remand is a "mixed" decision over which the Court has jurisdiction; the Board remanded two claims and implicitly denied a *benefit*—the regulatory benefit afforded by § 20.904(b). *Id.* at 5-6.

## III. LEGAL LANDSCAPE

The Board is vested with jurisdiction to review "[a]ll questions in a matter which under section 511(a) of . . . title [38] is subject to decision by the Secretary." 38 U.S.C. § 7104(a) (2018 & Supp. IV 2023). Section 511(a) further provides that the Secretary "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Those "[d]ecisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation." 38 U.S.C. § 7104(a) (2018 & Supp. IV 2023). However, the Board generally lacks jurisdiction to adjudicate "a claim that was never presented to and adjudicated by [a VA regional office (RO)]." *Jarrell v. Nicholson*, 20 Vet.App. 326, 331 (2006) (en banc); *see Godfrey v. Brown*,

3

7 Vet.App. 398, 408-10 (1995). Additionally, because the Court's jurisdiction is limited to review of final adverse Board decisions, 38 U.S.C. §§ 7252(a), 7266, "[i]t follows that where the Board does not have . . . jurisdiction, then neither does the Court," *King v. Nicholson*, 19 Vet.App. 406, 409 (2006).

In *Maggitt v. West*, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), defined a "decision" of the Board, for purposes of this Court's jurisdiction under 38 U.S.C. § 7252, as "the decision with respect to the benefit sought by the veteran." 202 F.3d 1370, 1376 (Fed. Cir. 2000). The Board either grants that benefit or denies that benefit. *Id.*; *see Tyrues v. Shinseki*, 23 Vet.App. 166, 178 (2009) (en banc) ("[T]his Court's jurisdiction is controlled by whether the Board issued a 'final decision'—i.e., denied relief by either denying a claim or a specific theory in support of a claim and provided the claimant with notice of appellate rights."), *aff'd*, 631 F.3d 1380 (Fed. Cir. 2011), *vacated*, 565 U.S. 802 (2011), *reinstated as modified en banc*, 26 Vet.App. 31 (2012) (per curiam order), *aff'd*, 732 F.3d 1351 (Fed. Cir. 2013).

The Federal Circuit subsequently distinguished a Board remand from a final Board decision on the basis that a Board remand does not contain an order granting or denying relief. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005). Thus, remand orders are neither final nor adverse to a veteran. Specifically, with regard to Board remands, in *Breeden v. Principi*, this Court held that our jurisdiction is limited to appeals from final Board decisions, and because the Board in a remand order does not make a final determination with respect to benefits sought, a remand order does not represent a final decision over which this Court has jurisdiction. 17 Vet.App. 475, 478 (2004) (per curiam order); *see Howard v. Gober*, 220 F.3d 1341, 1343-44 (Fed. Cir. 2000).

Regarding referral decisions, we have held that the Court has jurisdiction over an appeal of a Board decision when the Board *denied* a portion of a claim and decided to refer, rather than remand, another part, condition, or theory in support of that same claim. *Young*, 25 Vet.App. at 202. Importantly, the Court explained that our jurisdiction extends not only to the denied portion of the claim but also to the referral decision because the Board's denial of one part of the claim provides the jurisdictional hook for us to address the Board's related referral decision. *Id.* at 202-03; *see id.* ("Because the Court has jurisdiction over the Board decision *denying* a part of the claim . . . , the Court has the authority to 'decide all relevant questions of law' that arise with regard to the denied claim, including the propriety of referring rather than remanding another part of *that claim* to the RO." (emphasis added) (quoting 38 U.S.C. § 7261(a)(1))). However, the Court did not reach whether we have jurisdiction over "any Board decision to refer a claim, even if no part of the claim was denied," *id.* at 202, or whether the Court has jurisdiction when the Board is silent as to whether there is a pending claim to refer to the AOJ.

As relevant to the issues raised by the appellant—specifically, whether Board silence, in the face of an argument that he had unadjudicated pending claims, should be construed as a rejection of that argument or an implicit denial of jurisdiction that the Court has jurisdiction to review—the Federal Circuit's decisions in *Howard* and *Kirkpatrick* are instructive. In *Howard*, the appellant appealed two matters to the Board: (1) the RO's refusal to reopen a claim and (2) a request to revise a prior decision on the basis of clear and unmistakable error (CUE). 220 F.3d at 1343. The Board remanded the first matter but did not address the second. *Id.* Howard appealed, asking

4

this Court to instruct the Board to decide the second matter; the Court dismissed his appeal, finding that the Board had not rendered a final decision regarding the CUE motion. *Id.* The Federal Circuit affirmed. Of note, the Federal Circuit indicated, from a procedural standpoint, that it was unclear whether Howard appealed from two RO decisions in one consolidated appeal or separately. *Id.* at 1344. Either way, the Federal Circuit concluded that the Board had not rendered a final decision on the CUE motion, explaining that, "[i]f the two decisions were appealed together, and the Board simply did not address the CUE [motion], the Board's *remand* does not constitute a final decision that may be appealed." *Id.* (emphasis added). On the other hand, if the decisions were appealed separately, "Howard fail[ed] to point to any independent final decision by the Board of his CUE [motion]." *Id.*

In *Kirkpatrick*, the appellant appealed to this Court a September 2003 Board remand that ordered the AOJ to conduct additional development, and the Court dismissed the appeal on the ground that a Board remand is not a final decision. 417 F.3d at 1362. On appeal to the Federal Circuit, Mr. Kirkpatrick argued "that the Board's remand order contained an *implicit* denial of relief." *Id.* at 1364 (emphasis added). He contended that, because this Court had remanded his appeal to the Board in December 2002 based on the Board's failure to address and properly weigh evidence, the Board lacked jurisdiction to order additional development on remand. *Id.* at 1362, 1364. Specifically, he argued that "[t]he Board's decision to depart from th[is Court]'s remand order was a final decision on the question of whether the Board's jurisdiction on remand was limited to carrying out the C[ourt]'s remand order." *Id.* at 1364-65. The Federal Circuit rejected that argument, concluding that "[t]he Board's remand order does not address the issue of the Board's jurisdiction at all." *Id.* at 1365 (citing *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998) ("[T]he [Veterans' Court's] jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed.")).

Mr. Kirkpatrick also argued to the Federal Circuit that he presented his arguments to the Board and that "[t]he Board's refusal to address the arguments presented by [him] in support of his motion for reconsideration should be treated as a rejection of those arguments for the purpose of an appeal to th[is] C[ourt]." *Id.* The Federal Circuit noted, however, that it had expressly rejected this argument in *Howard*, and it explained as follows:

> In *Howard*, the appellant, Howard, raised a [CUE motion] before the Board, but the Board did not rule on it. Instead, the Board remanded a separate claim to the [r]egional [o]ffice for evaluation of evidence without mentioning his . . . [CUE motion]. On appeal, the Veterans' Court refused to address his [CUE motion] because it was not the subject of a Board decision. Howard again appealed to this court, and we affirmed stating:
>
> > As we explained in *Ledford*, the Court of Appeals for Veterans Claims' jurisdiction "is premised on and defined by the Board's decision concerning the matter being appealed," and when the Board has not rendered a decision on a particular issue, the court has no jurisdiction to consider it under section 7252(a).

5

> Thus, Kirkpatrick's claim that the Board's refusal to address his arguments should be reviewed as a decision of the Board is without merit.

*Kirkpatrick*, 417 F.3d at 1365 (citations omitted) (quoting *Howard*, 220 F.3d at 1344); *see Maggitt*, 202 F.3d at 1376-77 (explaining that section 7252(a) "speaks to the Board's decision on the . . . claim itself, not to an argument made or not made in support of the claim").

Together, the Federal Circuit's decisions in *Howard* and *Kirkpatrick* reflect that the Board's failure, in a remand order, to address an argument or claim presented to the Board does not constitute an implicit denial of those matters or otherwise speak to the Board's jurisdiction over them. *See Howard*, 220 F.3d at 1343-44; *Kirkpatrick*, 417 F.3d at 1364-65. Thus, for purposes of the Court's jurisdiction under section 7252(a), the remand does not contain an order granting or denying the benefit sought, and there is no "decision" that may be appealed to the Court.

More recently, however, in *Bean v. McDonough*, the Federal Circuit indicated that a "[d]enial of a claim, which includes the failure of the Board to consider a claim that was reasonably raised before it, constitutes a decision of the Board [that is] reviewable by [this] Court." 66 F.4th 979, 988 (Fed. Cir. 2023). At first glance, this statement might seem at odds with the Federal Circuit's decisions in *Howard* and *Kirkpatrick*, yet the Federal Circuit did not repudiate those decisions; in fact, it did not mention them at all. *See id.* at 979-90. This is not surprising in light of the differences between *Howard* and *Kirkpatrick* on the one hand, and *Bean* on the other. *See generally Douglas v. Shinseki*, 23 Vet.App. 19, 25 (2009) ("[G]eneral expressions must be taken in the context in which they were rendered." (citing *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 399-400 (1821) ("It is a maxim not to be disregarded, that general expressions, . . . are to be taken in connection with the case in which those expressions are used," and "[i]f they go beyond the case, they may be respected, but ought not to control the judgment . . . when the very point is presented for decision.")).

In that regard, the Federal Circuit outlined the undisputed facts and procedural history of Mr. Bean's appeal: In 2012, he asked the RO to reconsider the effective date assigned to his service-connected post-traumatic stress disorder (PTSD) and asserted that he had pending unadjudicated claims for major depression and generalized anxiety disorder. *Bean*, 66 F.4th at 983, 987-88. After the RO's denial, including its determination that Mr. Bean did not have pending unadjudicated claims, Mr. Bean appealed both issues to the Board. *Id.* The Board dismissed his appeal for an earlier effective date for PTSD, and although it noted that Mr. Bean contended that he had pending unadjudicated claims, the Board did not otherwise address the matter. *Id.* at 983-84. In April 2021, this Court found that the Board erred when it failed to address the question of unadjudicated pending claims, because "'[t]hese issues were raised by the record and should have been addressed by the Board.'" *Id.* at 984 (quoting *Bean v. McDonough*, No. 19-4116, 2021 WL 1647629, at *6 (Vet. App. Apr. 28, 2021)). Following a motion for reconsideration by Mr. Bean, in December 2021, this Court reversed itself, finding that because the Board did not, in the decision then on appeal, decide whether Mr. Bean had claims pending, the Court lacked jurisdiction over Mr. Bean's appeal. *Id.* at 985 (citing *Bean v. McDonough*, No. 19-4116, 2021 WL 6143707, at *4-5 (Vet. App. Dec. 30, 2021)).

6

In reversing this Court's December 2021 jurisdictional determination, the Federal Circuit indicated that our jurisdiction is not "limited to . . . affirmative determinations made by the Board." *Id.* at 989. Rather, "when a claim is *adequately presented* to the Board but not addressed by the Board, the Board's *disposition of the appeal* constitutes a decision of the Board on that claim that may be appealed to the Veterans Court." *Id.* (emphasis added). Of note, in concluding that the Board's failure to address whether the appellant had pending unadjudicated claims constituted a decision of the Board for purposes of appeal here, the Federal Circuit referred to "a claim that was *reasonably raised*," "a claim . . . *adequately presented* to the Board," and "contentions *clearly before* the Board." *Id.* at 988-89 (emphasis added); *see id.* at 989 (noting, pursuant to 38 U.S.C. § 7252, "that the Board's failure to decide a claim *clearly presented* to it constitutes a 'decision' of the Board, which vests the Veterans Court with jurisdiction" (emphasis added)). All of this simply suggests that, once the Board has disposed of an appeal—in other words, finally decided it—as to one matter, the appellant, under certain circumstances, may appeal to the Court and raise contentions about other matters that were in appellate status before the Board.[2]

As the above-mentioned history reflects, the *claim presented* by Mr. Bean to the Board had been presented to and adjudicated by the RO—the RO decided that he did not have pending claims—and Mr. Bean appealed the RO's determination to the Board. Further, Mr. Bean presented that claim and appealed the RO's denial *alongside his request for an earlier effective date for PTSD*. Thus, when the Board issued an adverse "decision" that acknowledged both claims presented to the RO and dismissed his appeal as to one claim—for an earlier effective date for PTSD—but *failed to decide* the second claim on appeal—whether he had claims pending—the Federal Circuit concluded that the Board's failure operated to effectively dispose of his claim on appeal and thus is reviewable by this Court. *See id.* at 989.

Viewed in this context, the Federal Circuit's decision in *Bean* did not break new ground. In contrast to the Board remands appealed to the Court in *Howard* and *Kirkpatrick*, Mr. Bean appealed a "decision" of the Board as defined by the Federal Circuit in *Maggitt*; specifically, the dismissal of his appeal for an earlier effective date for the award of benefits for PTSD. *See Bean*, 66 F.4th at 987-88. *Compare Maggitt*, 202 F.3d at 1376 ("A 'decision' of the Board . . . is the decision with respect to the benefit sought."), *with Kirkpatrick*, 417 F.3d at 1364 (explaining that a Board remand is not a "decision" within the meaning of *Maggitt* and the Board's jurisdictional statute, which "define a Board decision as including an order granting appropriate relief or denying relief" (citing 38 U.S.C. § 7104(d)(2) (2000 & Supp. IV 2005) (current version at 38 U.S.C. § 7104(d)(3) (2018 & Supp. IV 2023))))). And because that "decision" provided this Court with the necessary jurisdictional hook to review the May 2019 decision, the Court also had jurisdiction to review the Board's failure to decide his claim—whether he had claims pending—a matter that had

---

[2] To be clear, we do not suggest that any Board decision that finally decides one claim on the merits and fails to address a second claim constitutes an implicit denial of the second claim. Indeed, it is well established that claimants may have several claims pending before the AOJ or the Board and that the claims may be decided separately. *See Elkins v. Gober*, 229 F.3d 1369, 1375 (Fed. Cir. 2000) ("[W]e have recognized that the unique statutory process of adjudication through which veterans seek benefits may necessarily require that the different issues or claims of a case be resolved at different times, both by the [AOJ] and on appeal."). However, in *Bean*, both claims were adjudicated by the RO and appealed together. Although the Board acknowledged both claims, the Board decided only one claim and failed to decide the second claim or otherwise indicate whether it would be decided separately. *Cf. Tyrues*, 23 Vet.App. at 176 (denying benefits on a direct basis and remanding consideration of benefits on a presumptive basis for further development).

been adjudicated by the RO and properly appealed to the Board. The Federal Circuit in *Bean* did not, indeed could not, reach the issue of whether that jurisdictional hook could be provided either by a Board remand or by the Board's failure to decide a matter when that failure is not accompanied by a decision within the meaning of *Maggitt*. *See Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1337-38 (Fed. Cir. 2007) (restating, under the doctrine prohibiting advisory opinions, that "federal courts are to decide only 'actual controversies by judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in the case before it'" (quoting *Local No. 8-6, Oil, Chem. & Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367 (1960))); *Norvell v. Peake*, 22 Vet.App. 194, 200 (2008).

## IV. ANALYSIS

Against this backdrop, we address the appellant's appeal and the Secretary's motion to dismiss. As outlined above, the appellant appeals a November 2019 Board remand; the Board remanded his appeal as to higher initial evaluations for service-connected sinusitis and rhinitis. The Board did not refer claims for service connection for sleep apnea or vertigo to the AOJ for initial adjudication, and the Board did not reference sleep problems or vertigo. Although the appellant asks us to review the propriety of the Board's failure to refer his sleep apnea and vertigo claims, whether § 20.904(b) confers limited jurisdiction to the Board to refer unadjudicated claims, and whether referral is a "benefit" that the Board may grant or deny, the Court cannot do so because the November 2019 Board remand order is not a final Board decision over which we have jurisdiction.

Significantly, the Board did not render a "decision" on higher initial evaluations for service-connected sinusitis and rhinitis. Instead, as in *Howard* and *Kirkpatrick*, the Board remanded the only claims that had been adjudicated by the RO and properly appealed to it. Because a Board remand of this kind contains no order granting or denying appropriate relief, it is not a final Board decision over which the Court may exercise jurisdiction.[3] *See Kirkpatrick*, 417 F.3d at 1364; *Howard*, 220 F.3d at 1343-44; *see also Breeden*, 17 Vet.App. at 478.

The appellant attempts to avoid this conclusion by arguing that the Board is required to address all issues expressly raised. Appellant's Resp. to Motion to Dismiss at 4 (first citing *Robinson*, 21 Vet.App. at 552; then citing *Urban*, 18 Vet.App. at 145; then citing *Brannon*, 12 Vet.App. at 35; and then citing *Barringer*, 22 Vet.App. at 243). He contends that the Board, in not addressing whether he had pending claims for service connection for sleep apnea and vertigo, implicitly denied referral of those claims or denied jurisdiction to refer the claims. *Id.*; Appellant's Reply to Secretary's Resp. to MFR at 4. And he asserts that the Board's implicit finding that it did not have jurisdiction to refer those claims constitutes reviewable legal error because the Court has jurisdiction to review a Board determination that it lacks jurisdiction over a particular claim. Appellant's Reply to Secretary's Resp. to MFR at 4 (citing *King*, 19 Vet.App. at 409); *see* MFR at 2 (first citing *Marsh*, 11 Vet.App. at 470; and then citing *Mintz*, 6 Vet.App. at 281).

---

[3] Unlike *Bean*, the Board did not dispose of the matters on appeal. And because *Bean* did not address the Court's jurisdiction when the Board remanded the only matters in appellate status, i.e., did not dispose of the appeal, and failed to refer pending claims to the AOJ, that decision is not controlling here.

Although it is well settled that the Board is required to address all issues raised by the claimant and that the Court has jurisdiction to review jurisdictional determinations by the Board, the appellant's arguments here are unpersuasive for at least three reasons. *See Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992) (noting that the appellant generally bears the burden of demonstrating that the Court has jurisdiction over an appeal (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 181 (1936))). First, as reflected above, the Federal Circuit concluded in *Howard* and *Kirkpatrick* that the Board's failure to address an *argument or claim* presented to it without being accompanied by a final decision on any matter does not constitute a decision of the Board reviewable by this Court. *See Kirkpatrick*, 417 F.3d at 1364-65 (rejecting the appellant's contention that the Board's failure to address his arguments in a remand order constituted an implicit denial that should be viewed as a decision for purposes of appeal to this Court); *id.* at 1365 ("The Board's remand order does not address the issue of the Board's jurisdiction at all."); *Howard*, 220 F.3d at 1343-44 (affirming this Court's decision that we lack jurisdiction over a CUE motion not mentioned in a Board remand order, because there was no final decision of the Board as to the CUE motion).

Second, regarding the Board's obligation to address all issues raised by a claimant, the cases cited by the appellant do not support the Court's jurisdiction over *separate claims* that were not both adjudicated by the AOJ *and* appealed to the Board. In that regard, *Barringer*, *Robinson*, and *Urban* all involved the Board's obligation to address *issues within the claim* decided by the Board. *See Barringer*, 22 Vet.App. at 243 (addressing whether the Board erred in failing to consider if referral for extraschedular consideration was warranted because that question "is a *component of a claim* for an increased rating") (emphasis added); *Robinson*, 21 Vet.App. at 551 (explaining that service connection on a direct and secondary basis are two theories in support of the *same claim*, and therefore the Court had jurisdiction to address whether the Board erred when it failed to adjudicate entitlement to benefits on a direct basis); *Urban*, 18 Vet.App. at 145 (acknowledging that "the Board was obligated to consider all reasonably raised matters regarding the *issue on appeal*"—in that case, entitlement to a total disability rating based on individual unemployability and not the downstream issue of effective date, which had not been appealed to the Board) (emphasis added).[4]

Third, in the cases cited by the appellant as support for the Court's jurisdiction to review jurisdictional determinations by the Board, there was no dispute that the Board issued a "decision" as that term is understood. The Board concluded that it lacked jurisdiction over the veterans' respective claims and thus disposed of their appeals. *See King*, 19 Vet.App. at 407 (reviewing the Board's conclusion that it lacked jurisdiction to review a VA medical center determination that chelation therapy was not an appropriate treatment); *Marsh*, 11 Vet.App. at 470 (reviewing the Board's determination that the veteran's NOD was untimely); *Mintz*, 6 Vet.App. at 281 (reviewing the Board's determination that it lacked jurisdiction to adjudicate a claim under 38 U.S.C. § 1151).

---

[4] As for the appellant's citation to *Brannon*, aside from the general proposition that the Board is required to address all issues expressly raised, the appellant fails to explain how that case is analogous to the Board remand he seeks to appeal here. *See Brannon*, 12 Vet.App. at 35 (concluding that the Court lacked jurisdiction over a benefits claim for a psychiatric condition as secondary to a service-connected skin condition because the claim was not raised to the AOJ or the Board; there was no jurisdiction-conferring NOD; and there was no final Board decision with respect to that issue).

9

Further, to the extent that the appellant relies on the Court's decision in *Young*, we conclude that his appeal is jurisdictionally distinguishable from *Young*. In that case, the Court had jurisdiction over the entire Board decision, including entitlement to benefits for generalized anxiety disorder, by virtue of the Board's denial of service connection for PTSD. *See Young*, 25 Vet.App. at 202-03 (holding that, "[b]ecause the Court has jurisdiction over the Board decision denying a part of the claim for benefits for a mental disability," it had "the authority to 'decide all relevant questions of law' that arise with regard to the denied claim, including the propriety of referring, rather than remanding, another part of that claim to the [AOJ]" (citation omitted)). Here, the Court cannot reach the sleep apnea and vertigo service connection claims by way of jurisdiction over the appeal as to higher initial evaluations for chronic sinusitis and allergic rhinitis because, unlike in *Young*, (1) the Board remanded those matters and did not finally decide them, and (2) the sleep apnea and vertigo claims are not part of those same matters that had been appealed to the Board. *Id.* at 202. In other words, the Board remand in this case lacks the jurisdictional hook that was present in *Young*—namely, the jurisdictionally significant *denial* of the appellant's appeal seeking higher initial evaluations that would otherwise make the Board decision final and reviewable. *See id.* at 202-03. The Board remanded separate claims in this matter, and therefore the Court has no jurisdictional hook that would enable us to hear the case.

Although the appellant avers that he cannot file a new VA Form 21-256EZ, Application for Disability Compensation and Related Compensation Benefits, because the sleep apnea and vertigo issues are not new claims, and that he cannot file supplemental claims because that process is intended to facilitate new review of a previously-decided issue, the Court is not persuaded that he is without an administrative remedy. Appellant's Resp. to Motion to Dismiss at 5. Indeed, our caselaw contemplates that he may raise his claims directly to the AOJ, and, assuming that service connection is ultimately granted, he may, if necessary, assert entitlement to an earlier effective date based on those claims having been pending and unadjudicated.[5] *See Ingram v. Nicholson*, 21 Vet.App. 232, 254 (2007) (per curiam) ("If a veteran believes that he has a pending claim for a benefit that has not received an initial decision, the veteran can unambiguously inform the Secretary that a particular benefit is being sought."); *DiCarlo v. Nicholson*, 20 Vet.App. 52, 56-57 (2006) (explaining that "the appropriate procedure for a claimant to press a claim believed to be unadjudicated . . . is to pursue a resolution of the original claim, e.g., seek issuance of a final RO decision with proper notification of appellate rights and initiate an NOD"), *aff'd sub nom. Dicarlo v. Peake*, 280 F. App'x 988 (Fed. Cir. 2008); *Myers v. Principi*, 16 Vet.App. 228, 229 (2002) (recognizing that a pending claim may be addressed when a subsequent claim for the same disability is explicitly adjudicated); *see also Dallman v. Wilkie*, 33 Vet.App. 101, 107-08, 108 n.5 (2020) (concluding that the Court lacked jurisdiction to review, in a Board remand, the Board's finding that an earlier rating decision had become final when there was no final Board decision on the service-connection claim).

In sum, because the November 2019 Board remand did not grant or deny the claims appealed to the Board, and it did not otherwise purport to address, explicitly or implicitly, the

---

[5] The procedural history of the claim at issue in the Federal Circuit's decision in *Bean* reflects that a claimant may assert to the RO that he or she has pending unadjudicated claims and that any adverse determination by the RO may be appealed to the Board. *See Bean*, 66 F.4th at 982-83. Accordingly, should the appellant establish service connection, he may still follow the path taken by Mr. Bean and present his argument to the RO for adjudication and appeal to the Board in the event of an adverse determination. *See id.* at 983.

question of whether the appellant had unadjudicated pending claims, the Court concludes that it is not a final decision over which we may exercise jurisdiction. *Kirkpatrick*, 417 F.3d at 1364; *Maggitt*, 202 F.3d at 1376. Accordingly, the Court will dismiss the appeal.

## V. CONCLUSION

Upon consideration of the foregoing, it is

ORDERED that the appellant's September 21, 2020, motion disputing the RBA is dismissed as moot. It is further

ORDERED that the appellant's March 25, 2021, motion for reconsideration is dismissed as moot. It is further

ORDERED, by the panel, that the appellant's March 25, 2021, motion for panel review of the Court's March 2021 dismissal for lack of jurisdiction is granted nunc pro tunc to September 3, 2021; the March 12, 2021, order is WITHDRAWN, and this order is issued in its stead. It is further

ORDERED that the Secretary's October 5, 2020, motion to dismiss the appeal is granted, and the above-captioned appeal is DISMISSED for lack of jurisdiction.

DATED: May 15, 2024                                                    PER CURIAM.